FILED
12/21/2015 4:10:23 PM
Beverly Crumley
District Clerk
Hays County, Texas

NO. 15-2561

| | | |
|---|---|---|
| GILBERT SALINAS AND DORA SALINAS | § § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § § | |
| | § § | ___ JUDICIAL DISTRICT |
| v. | § § § § | |
| | § § § | |
| WERNER ENTERPRISES, INC. and JOSE HERNANDEZ | § § § | |
| Defendants. | § | HAYS COUNTY, TEXAS |

<u>PLAINTIFF'S ORIGINAL PETITION</u>
<u>AND</u>
<u>FIRST WRITTEN DISCOVERY REQUESTS</u>

TO THE HONORABLE JUDGE OF THE COURT:

NOW COME GILBERT SALINAS AND DORA SALINAS, hereinafter called "Plaintiffs", complaining of and about JOSE HERNANDEZ AND WERNER ENTERPRISES, INC., hereinafter called "Defendant" and for cause of action shows unto the Court the following:

## I.
## <u>DISCOVERY CONTROL PLAN LEVEL</u>

1. Plaintiff intends that discovery be conducted under Discovery Level 3 of the *Texas Rules of Civil Procedure* §190.2 and affirmatively pleads that he seeks monetary relief aggregating more than $200,000 but less than $1,000,000, including damages of any kind, penalties, costs, expenses, prejudgment interest, and attorney fees.


EXHIBIT A

## II.
## PARTIES AND SERVICE

2. Plaintiffs **GILBERT SALINAS AND DORA SALINAS** are an individuals and residents of Texas. Pursuant to Texas Civil Practice and Remedies Code §30.014, the last three digits of their social security numbers are 624 and 146, and the last three numbers of their driver's license numbers are 551 and 528 respectively.

3. Defendant **WERNER ENTERPRISES, INC.** is a foreign company that does business in the State of Texas and service can be effectuated by serving the Secretary of State via mail at P.O. Box 12079, Austin, TX 78711. The registered agent for WERNER ENTERPRISES, INC. is James A. Mullen at 14507 Frontier Road, Omaha Nebraska, 68138.

4. Defendant, **JOSE HERNANDEZ** is an individual who is not a resident of Texas. His address is 773 Pomprose LN, Nipome, CA 93444. Service can be effectuated by serving the Chair of the Texas Transportation Commision Tryon D. Lewis at 125. E. 11th Street, Austin, TX 78701.

## III.
## JURISDICTION AND VENUE

5. The subject matter in controversy is within the jurisdictional limits of this Court.

6. This Court has proper jurisdiction over the parties because Defendant is a resident of Texas.

7. Venue in Hays County is proper in this cause under Section 15.002(a)(1) of the *Texas Civil Practice and Remedies Code* because it is the county where all or a substantial part of the events or omissions giving rise to the claim occurred.

## IV.
## FACTS

8. On or about December 21, 2013 in Hays County, Texas, Plaintiffs were driving southbound on IH 35 when Jose Hernandez ("the truck driver") for Defendant suddenly and without warning came into Plaintiffs' lane and struck them.

9. Due to the truck driver's conduct, Plaintiffs were proximately caused injuries and damages. At all times relevant to this collision the truck driver was in the course and scope of his employment with the company Defendant.

## V.
## PLAINTIFF'S CLAIM OF NEGLIGENCE

10. The truck driver had a duty to operate his vehicle reasonably and prudently and to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

11. Plaintiffs' injuries were proximately caused by the truck driver's negligent, careless, and reckless disregard of said duty.

12. The negligent, careless, and reckless disregard of duty by the truck driver comprises, but is not limited to, the following acts and omissions:

    A.  Failure to maintain a proper lookout, maintain proper control of Defendant's vehicle, timely apply the brakes, and take reasonable precautions to avoid the collision;

    B.  Failure to maintain a proper speed for the conditions on the roadway and the circumstances;

    C.  Failure to reduce the speed of his vehicle to avoid the collision;

    D.  Failure to maintain a proper distance between himself and Plaintiff's vehicle;

    E.  Failure to yield the right of way;

    G.    Failure to maintain a safe lane of travel; and

    H.    Failure to make a safe lane change.

13.    The aforesaid occurrence was caused wholly and solely by reason of the negligence of the truck driver without any fault or negligence on the part of Plaintiffs contributing thereto.

14.    Under the doctrine of respondeat superior WERNER ENTERPRISES, INC. is vicariously liable for all acts and omissions of the truck driver that amounts to negligence. The truck driver was in the course and scope of his employment at the time the collision occurred.

## VI.
## PLAINTIFF'S DAMAGES

15.    Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court.

16.    As a direct and proximate result of Defendant's breach of duty, Plaintiff was caused to incur the following damages:

    A.    Reasonable past medical care and expenses. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the collision complained of herein, and such charges are reasonable and were usual and customary charges for such services in the county where Plaintiff was treated;

    B.    Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

    C.    Physical pain and suffering in the past;

    D.    Physical pain and suffering in the future;

    E.    Mental anguish in the past;

    F.    Mental anguish in the future;

G. Lost wages;

H. Loss in future earning capacity;

I. Impairment in the past;

J. Impairment in the future;

K. Disfigurement;

L. Property Damage; and

M. Loss of use of Plaintiff's vehicle

## VII.
## CONDITIONS PRECEDENT

17. All conditions precedent have been performed or have occurred.

## VIII.
## NOTICE OF INTENT TO USE PRODUCED DOCUMENTS

18. Pursuant to *Texas Rule of Civil Procedure* 193.7 Plaintiff hereby gives notice of intent to use all documents produced by any party including Defendant in response to written discovery requests propounded in all pretrial proceedings and trial.

## IX.
## JURY DEMAND

19. Plaintiffs demands a jury trial and tenders the appropriate fee with this petition.

## X.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendant, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury

through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate; costs of court; and such other and further relief to which Plaintiff may be entitled at law or in equity.

## XI.
## REQUEST FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2(a)-(m), of the *Texas Rules of Civil Procedure*.

## XII.
## INSTRUCTIONS AND DEFINITIONS
## FOR THE WRITTEN DISCOVERY REQUESTS HEREIN

Respond to all the discovery requests herein within 50 days of service of this lawsuit.

   A. "You" and "Your" shall mean the party to whom these questions are directed as well as agents, employees, attorneys, investigators and all other "persons" acting for said party. Specifically, "You" and "Your" shall mean the Defendant sued in this cause.

   B. The "Accident" or "Incident" shall mean the incident complained of that is the basis of this lawsuit.

   C. "The truck driver" shall mean the driver of Defendant's 18-wheeler that was involved in the incident.

In each Question wherein you are asked to identify a person, state with respect to such person as follows:

   1. His/Her full name, last known address, and telephone number.

If the person to be identified is not a natural person (e.g., a corporation), give its name an address and principle business activity.

## XIII.
## PLAINTIFF'S FIRST INTERROGATORIES
## TO WERNER ENTERPRISES, INC.

1. Please state the full name, any other names you have ever gone by, address, telephone

Plaintiff's Original Petition and First Written Discovery Requests

Case 1:16-cv-00174-DAE   Document 1-1   Filed 02/19/16   Page 7 of 12

Jan. 25. 2016 10:25AM    TonyLawFirm                              No. 7978   P. 9/21

number, date of birth, driver's license number, and occupation of the person answering these interrogatories.

**ANSWER:**

2. Please state any and all traffic violations the truck driver had in the ten (10) years preceding the collision made the basis of this lawsuit. Please indicate if the truck driver had his driver's license revoked or suspended as a result of these violations and the period of time the truck driver's license was revoked and/or suspended.

**ANSWER:**

3. State whether the truck driver had any other motor vehicle accidents in the past ten (10) years. If so, list the date and location of such accident, the parties involved and a factual description of the accident.

**ANSWER:**

4. State the truck driver's criminal history including but not limited to any felony or crime of moral turpitude. State the crimes(s) for which the truck driver was convicted, giving the date(s), location(s) and court(s) involved.

**ANSWER:**

5. State in detail what intoxicating beverages, if any, the truck driver had consumed and what drugs and/or medications, including prescription, herbal, and over-the-counter, the truck driver had taken within the 48 hour period prior to the collision.

**ANSWER:**

6. Do you, your attorneys or investigators or anyone acting on your behalf, have any maps, charts, diagrams, photographs, videos, motion pictures, and/or recordings taken of the scene of this incident, or of any of the physical or mechanical objects, or of the person involved in this incident? If yes, then please indicate your willingness to allow Plaintiffs to inspect and copy or photograph the same.

**ANSWER:**

7. Describe how the incident occurred.

Plaintiff's Original Petition and First Written Discovery Requests

**ANSWER:**

8. Please state where the truck driver had been just prior to the collision and where the truck driver was going at the time of the collision, including the time of departure and the anticipated time of arrival, the contents and nature of the cargo, and the purpose of the trip.

**ANSWER:**

9. Describe any circumstances that you believe caused or contributed to the incident including but not limited to: the road conditions, weather conditions, obstructions to visibility, or any defects in marking or signage on the road.

**ANSWER:**

10. Please state whether the truck driver was administered a drug test following this incident. If so, please provide the date such test was administered and a summary of the results.

**ANSWER:**

11. Describe any and all mobile or cellular telephones, pagers, ipods, ipads, cd or cassette players, MP3s, netbooks, personals computers or any other electronic devices present with you in the vehicle at the time of the incident made the basis of this lawsuit.

**ANSWER:**

12. If you are claiming Plaintiff is in anyway responsible for the injuries Plaintiff has sustained as a result of the incident, state the facts that support your contention.

**ANSWER:**

13. If you are claiming that any medical bills incurred by Plaintiff due to the incident are not reasonable, state the facts that support your contention.

**ANSWER:**

14. If you are claiming that any medical treatment Plaintiff has received due to the incident was not medically necessary, state the facts that support your contention.

**ANSWER:**

15. State all conversations you have had with Plaintiff. Note approximately when you had those conversations, where they took place, and the general content of the conversations.

**ANSWER:**

16. Was the truck driver injured as a result of the incident? If so, describe the injuries and any medical bills the truck driver incurred.

**ANSWER:**

17. Pursuant to *Texas Rule of Evidence* 609(f), please identify any evidence of any conviction (by stating the offense, disposition, date, cause number, court, and county in which the offense occurred) that you will attempt to offer into evidence as impeachment testimony or otherwise against any other party or witness to this action.

**ANSWER:**

## VERIFICATION

STATE OF TEXAS                §
                              §
COUNTY OF TRAVIS              §

BEFORE ME, the undersigned authority, personally appeared _____,

who stated, upon oath, that the statements made in the foregoing instrument are within his/her personal knowledge and are true and correct.

_____
Representative of WERNER ENTERPRISES, INC.

SUBSCRIBED AND SWORN TO BEFORE ME on _____, by _____.

_____
Notary Public, State of Texas

XIV.

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION
## TO WERNER ENTERPRISES, INC.

1. Any and all photographs, including those taken at the scene of the incident, that pertain to this lawsuit which may be in the possession, custody, or control of Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

**RESPONSE:**

2. All pictures, motion pictures, movies, films, or photographic material of any kind concerning the scene, vehicles, products or the events and happenings made the basis of the lawsuit taken before, during, or after the incident in question which are in the possession, constructive possession, custody or control of Defendant, Defendant's attorney, or anyone acting on Defendant's behalf.

**RESPONSE:**

3. Any and all written statements made by any parties to this action or oral statements made by any parties to this action which were either recorded or taped on an electronic device or recorder that pertain to this lawsuit in the possession, custody or control of Defendant, Defendant's attorney, or anyone acting on Defendant's behalf.

**RESPONSE:**

4. Any and all documents in your possession related to traffic citations, including a copy of your driving record, license suspensions or revocations, and motor vehicle accidents faced by Debra Dodd in the past ten (10) years.

**RESPONSE:**

5. A copy of the truck driver's, driver's license.

**RESPONSE:**

6. Copies of estimates, invoices, and/or any other written documentation which were prepared as a result of the damage to any vehicles involved in the incident made the basis of Plaintiff's lawsuit.

**RESPONSE:**

7. All formal and informal reports and documents prepared by an officer or employee of any law enforcement agency or other governmental agency which pertains, in any way, to the incident made the basis of this lawsuit.

Plaintiff's Original Petition and First Written Discovery Requests

**RESPONSE:**

8. All documents, reports, publications, ordinances, regulations, or other documents evidencing any safety standards or industry standards which you contend, or will contend at trial, support your theory upon which you now rely or will rely at trial.

**RESPONSE:**

9. Any and all written reports of inspection, tests, writings, drawings, graphs, charts, recordings or opinions of any expert who has been used for consultation in connection with this lawsuit and whose work product was reviewed in whole or in part by an expert who is to be called as a witness. (If the discoverable factual materials have not been received or reduced to a tangible form, request is hereby made that Defendant advise Plaintiff accordingly and reduce such material to a tangible form).

**RESPONSE:**

10. Any and all settlement agreements, releases, covenants not to sue, loan receipt agreements, Mary Carter agreements, guaranty agreements or cooperation agreements which have been entered into or which have been proposed by any party or non-party with respect to the incident made the basis of this lawsuit.

**RESPONSE:**

11. Copies of any and all liability insurance policies held by Defendant or by which Defendant was covered at the time of the incident made the basis of this lawsuit.

**RESPONSE:**


Respectfully submitted,

TONY NGUYEN LAW FIRM, PLLC

By: _____
Benedict "Ben" James
Texas Bar No.: 24058518
9800 N. Lamar Blvd
Suite 120
Austin, TX 78753

Plaintiff's Original Petition and First Written Discovery Requests.

Tel.: (512) 833-0111
Fax: (512) 218-3976
ben@tonylawfirm.com
Attorney for Plaintiff